UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA ZELNER, on behalf of herself and all others similarly situated )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>ATG CREDIT, LLC, )<br>)<br>DEFENDANT. ) | Civil Action No. 17-cv-08007<br><br>Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Sandy Zelner, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff has a substantive, statutory right under the FDCPA to be free from false or deceptive information in connection with the collection of a debt, which has been infringed by Defendant's representation that it was entitled to charge additional amounts on

a medical debt, and by its attempt to collect those amounts from Plaintiff. *E.g.* Genova v. IC Sys., Inc., No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff therefore suffered a concrete injury from Defendant's attempt to collect unlawful amounts from him. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Sandy Zelner ("Plaintiff'), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted medical debt. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, ATG Credit, LLC ("ATG"), is an Illinois limited liability corporation with its principal place of business at 1700 West Courtland, #201, Chicago, Illinois 60622. It does or transacts business in Illinois. Its registered agent is Andrew T. Twyman at 1700 West Courtland, #201, Chicago, Illinois 60622. (Exhibit A, Record from the Illinois Secretary of State).

8. ATG is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts owed to others.

9. ATG holds a collection agency license from the state of Illinois (Exhibit B,

Record from Illinois Department of Financial & Professional Regulation).

10. ATG regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a medical debt ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. ATG subsequently began collecting on the alleged debt.

14. In response to Defendant's collection attempts, Plaintiff purchased a copy of his Equifax credit report. (Exhibit C, Equifax Credit Report).

15. ATG's tradeline shows the original amount owed of $20, but then states that the balance of the alleged debt is now $24.

16. ATG attempted to collect an additional $4 which was not owed by Plaintiff.

17. ATG was not authorized by statute or contract to collect or attempt to collect additional amounts.

18. On information and belief, ATG improperly assesses a 20% collection fee on all accounts it collects, without any authorization to do so.

19. On information and belief, ATG attempts to collect this improper collection fee from thousands of consumers in Illinois.

20. 115 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

21. ATG misrepresented the character, amount, or legal status of an alleged debt when it inflated the balance of a debt, in violation of 15 U.S.C. §§ 1692e, and 1692e(2)(A).

22. ATG threatened to take an action not permitted by law, in violation of 15 U.S.C. 1692e(5), when it threatened to collect unauthorized collection fees.

23. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

24. ATG attempted to collect an amount not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f, when it attempted to collect additional fees on a medical debt without authorization to do so.

25. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

26. Plaintiff experienced negative emotions about ATG's increasing the amount of the alleged debt, including annoyance, aggravation, and other garden variety emotional distress.

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

28. Plaintiff, Sandy Zelner, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted medical debt (3) which includes the addition of interest, late fees or other fees.

29. As Exhibit C is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted medical account which includes interest, late fees or other fees.

30. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

32. Plaintiff Zelner will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Zelner has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

33. ATG misrepresented the character, amount, or legal status of an alleged debt when it inflated the balance of a debt with unauthorized fees, in violation of 15 U.S.C. §§ 1692e, and 1692e(2)(A).

34. ATG threatened to take an action not permitted by law, in violation of 15 U.S.C. 1692e(5), when it threatened to collect unauthorized collection fees.

35. ATG attempted to collect an amount not expressly authorized by any agreement, in violation of 15 U.S.C. § 1692f, when it attempted to collect additional fees on a medical debt without authorization to do so.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

  A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 512
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com