# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **Sandra Zelner,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No: 17 C 8007** |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **ATG Credit, LLC,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, ATG's motion for summary judgment [72] is granted and Plaintiff's cross-motion for summary judgment [75] is denied. ATG's Rule 11 motion [12] and request for attorney's fees under 28 U.S.C. § 1927 are denied. Civil case terminated.

## STATEMENT

**Facts**

The facts of this case are largely undisputed. In November 2012, Plaintiff underwent a medical procedure at Chicago Lake Shore Medical Associates, Ltd. ("CLS"), for which CLS charged Plaintiff $20.00. When CLS billed Plaintiff for the $20.00, she failed to pay. The contract Plaintiff signed with CLS at the time she received the medical services states that "in the event an unpaid balance (over 90 days past due) is placed in collections with any third party collection agency, a collection fee will be added to the total amount due and owed by me." CLS incurred costs to collect the amount owed by Plaintiff and assessed a $4.00 collection fee pursuant to the contract between the parties. On July 15, 2015, CLS retained ATG Credit, LLC ("ATG") to collect the $24.00 owed by Plaintiff. To date, CLS has not paid any amount to ATG for its collection activity related to Plaintiff's account. In the instant action, Plaintiff sues ATG for alleged violations of the Fair Debt Collection Practices Act ("FDCPA").

**Motion for Summary Judgment Standard**

The court shall grant summary judgment if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Instead, it must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012). The Court gives the nonmoving party "the benefit of conflicts in the evidence and

reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). The Court must not make credibility determinations or weigh conflicting evidence. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

**Analysis**

FDCPA Claim

Plaintiff alleges that ATG violated the FDCPA by misrepresenting the amount of the debt when it "inflated the balance of a debt with unauthorized fees"; threatening to take an action not permitted by law when it "threatened to collect unauthorized collection fees"; and attempting to collect an amount not expressly authorized by any agreement when it sought to "collect additional fees on a medical debt without authorization to do so." (Compl., Dkt. # 1, ¶¶ 33-35.)

At the Court's direction, the parties entered into stipulated facts prior to briefing the summary judgment motions, and agreed to the following:

1. ATG did not add the collection fee to Plaintiff's account;
2. CLS added the collection fee to Plaintiff's account;
3. CLS did so pursuant to the contract Plaintiff signed.

(Stip. Facts, Dkt. # 67, ¶¶ 6, 7, 8, 11.) ATG contends that these three agreed-upon facts demonstrate that it did not violate the FDCPA as alleged.

Plaintiff first asserts that she "did not specifically agree to pay collection fees above and beyond the outstanding amount of the debt." This is incorrect. As already noted above, paragraph 15 of the contract between Plaintiff and CLS expressly states: "in the event an unpaid balance (over 90 days past due) is placed in collections with any third party collection agency, a collection fee will be added to the total amount due and owed by me." Not only did ATG not "inflate" the amount due, which was set by CLS prior to handing over the debt to ATG for collection, but it also did not threaten to collect unauthorized collection fees. The language of the contract is clear – Plaintiff authorized CLS to add a collection fee to the amount due "and [will be] owed by [Plaintiff]." Here, that amount was $4.00 and that is what ATG sought on CLS's behalf.

Plaintiff's reliance on *Bradley v. Franklin Collection Services, Inc.*, 739 F.3d 606 (11th Cir. 2008), is misplaced. In that case, the court found that the addition by the original creditor of a set amount that had been negotiated between it and the debt collector (33 ⅓ percent of the debtor's balance) violated the FDCPA because the debtor's contract with the creditor provided that the debtor would "pay all costs of collection, including a reasonable attorney's fee" in the event of non-payment. The *Bradley* court concluded that the amount added by the creditor constituted liquidated damages and did not represent the "costs of collection, including a

reasonable attorney's fee" to which the plaintiff had agreed. *Bradley*, 739 F.3d at 609-10 ("[The plaintiff] agreed to pay the actual costs of collection; his contractual agreement with [the medical provider-creditor] did not require him to pay a collection agency's percentage-based fee where the fee did not correlate to the costs of collection."). Accordingly, the *Bradley* court found that both the creditor and third-party debt collector had violated the FDCPA. Here, however, ATG sought on behalf of CLS to collect the amount due plus "a collection fee," which here was $4.00, and which Plaintiff expressly authorized when she signed the contract with CLS. The language of Plaintiff's contract with CLS does not require that the "collection fee" represent the actual costs of collection. Thus, *Bradley* is inapposite.

Nor does Plaintiff's citation to *Bass v. I.C. Systems, Inc.*, 316 F. Supp. 3d 1047 (N.D. Ill. 2018), alter this Court's conclusion. In *Bass*, the court addressed a similar factual situation to the one at bar, and stated as follows:

> Though the parties' dispute arises in the context of Bass's FDCPA claims, it is largely a dispute over the meaning of the contract: whether Bass, through the T-Mobile contract, authorized the fee in the manner that it was calculated.
>
> The contract itself is spare on details: "We may use a collection agency to collect past due balances and you agree to pay collection agency fees. . . . Late payment, non-payment, or collection agency fees are liquidated damages intended to be a reasonable advance estimate of our costs resulting from late payments and non-payments by our customers; these costs are not readily ascertainable and are difficult to predict or calculate at the time that these fees are set." Under this contractual term, ICS would be in the clear if it could establish that the $79.35 corresponded to a "collection agency fee[]" that was "a reasonable advance estimate of [T-Mobile's] costs[.]" But the Court cannot resolve this dispute, because neither party has clarified how T-Mobile calculated the collection agency fee. ICS introduces one document that states that T-Mobile determined the fee "based on the outstanding balance" of Bass's debt. But this information does not resolve whether a reasonable jury could find that a nearly $80 fee was a "reasonable advance estimate of [T-Mobile's] costs." In short, the record is insufficient to entitle either party to summary judgment on this basis.

*Id*. at 1053 (internal citations and footnotes omitted). *Bass* is distinguishable in that the contract language there expressly stated that the plaintiff agreed to pay "collection agency fees." Because the court found that a factual dispute existed as to whether the fee that was charged constituted a reasonable estimate of the collection agency fees, as provided in the contract, it denied summary judgment. Here, however, Plaintiff did not agree to pay the collection agency fees but *"a collection fee,"* which was not tied to the actual costs of collection.

For this same reason, Plaintiff's assertion that ATG violated the FDCPA by conveying inaccurate information to a credit-reporting agency is unconvincing. Although not entirely clear,

it appears Plaintiff is contending that because ATG cannot provide information as to what the actual collection costs are, then it must have communicated false or misleading information to the credit-reporting agency. As an initial matter, Plaintiff did not allege a claim for falsely reporting information to a credit reporting agency. Moreover, the Court has already established that actual collection costs are not at issue in this case. Finally, Plaintiff has not pointed to any evidence that the amount that was reported to the credit-reporting agency was different from the amount ATG stated was due and owing. Accordingly, this argument fails.

ATG's Request for Sanctions

ATG moves for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 on the ground that the instant suit is frivolous. Plaintiff filed this action on November 6, 2017. On December 12, 2017, ATG served a Rule 11 motion upon Plaintiff, detailing why it believed Plaintiff's complaint was baseless. "Under Rule 11, a district court may impose sanctions on a lawyer who submits frivolous legal arguments--those not warranted 'by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" *Hollars v. Roadhouse Host, LLC*, No. 18 C 1142, 2019 WL 367988, at *3 (S.D. Ind. Jan. 30, 2019) (citations omitted). ATG's motion in relevant part states:

> ATG's documentation demonstrates that Plaintiff's FDCPA claim, as alleged, lacks merit, as ATG did not assess the collection fee alleged in Plaintiff's Complaint, and the FDCPA does not prohibit a debt collector from collecting a fee that was lawfully charged by a creditor prior to its assigning the debt for collection. *See* 15 U.S.C. § 1692f(1) (prohibiting the collection of any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); *Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1111 (7th Cir. 2008) (explaining collector is entitled to collect a fee if it shows that the fee is either authorized by the governing contract or that it is permitted by state law); *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 544 (N.D. Ill. 2012) (dismissing plaintiff's § 1692f(1) claim because the original agreement between the credit card company and consumer allowed for interest charges).

(Def.'s Mot. Rule 11 Sanctions, Dkt. # 12, ¶ 4.)

ATG included with its service of the motion on Plaintiff the contract between her and CLS. Plaintiff did not dismiss her complaint, and ATG filed its Rule 11 motion on January 2, 2018. In her response to the Rule 11 motion, Plaintiff acknowledged the language in the contract stating that a collection fee would be added, but pointed to the next sentence, which provides that the collection "fee represents the costs incurred by [CLS] to collect amounts owed under the agreement." Plaintiff argued that ATG violated the FDCPA because "the agreement only authorizes a third-party debt collector the legal right to charge a collection fee *for the cost incurred*." (Pl.'s Resp., Dkt. # 26, at 6) (emphasis added). As noted above, the Court concludes that Plaintiff's construction of the contract language is not correct; her contract with CLS

allowed for the collection of a fee that *represents* the collection costs, not the actual costs themselves.

In order to determine whether Rule 11 sanctions are warranted, the Court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Hollars*, 2019 WL 367988, at *4 (citation omitted). While a close call, the Court finds that Rule 11 sanctions are not warranted. Plaintiff has cited case law for the proposition that if a contract between a creditor and debtor allows for the imposition of actual collection costs, and a collection agency attempts to collect an amount that does not reflect a reasonable estimate of those costs, then the collection agency has violated the FDCPA. Although the contract here contained different language, the Court, after significant consideration, does not find that Plaintiff should have known her position was groundless, particularly in light of the fact that it is the Court's province to determine the meaning of contractual language. *Frankenmuth Mut. Ins. Co. v. Hodsco Constr., Inc.*, 191 F. Supp. 3d 863, 868 (N.D. Ill. 2016) ("In Illinois, the construction of a contract is a question of law.").

With respect to ATG's request for attorney's fees under 28 U.S.C. § 1927, the Court notes the following:

> Whether to award attorney's fees under Section 1927 is left to the discretion of the district court. It is well-settled that "Section 1927 clearly is punitive and thus must be construed strictly." Where the attorney's alleged misconduct is "the filing and arguing of a claim, it is not sufficient that the claim be found meritless; the claim must be without a plausible legal or factual basis and lacking in justification." The Seventh Circuit has required a finding of "some degree of culpability on the part of counsel" and has endorsed "a rule permitting the imposition of attorneys' fees only where the attorney intentionally acts without a plausible basis."

*Globaltap, LLC v. Cantwell & Cantwell*, No. 16 C 4395, 2018 WL 3190823, at *1 (N.D. Ill. Mar. 21, 2018) (internal citations omitted). For the same reason as stated above, the Court concludes that an award of attorney's fees is not warranted because the Court does not find that the legal basis upon which Plaintiff's counsel proceeded was completely implausible.

**Conclusion**

For the reasons stated above, ATG's motion for summary judgment is granted and Plaintiff's cross-motion for summary judgment is denied. ATG's Rule 11 motion and request for attorney's fees under 28 U.S.C. § 1927 are denied. Civil case terminated.

**Date:** February 12 , 2019

**Ronald A. Guzmán**
**United States District Judge**

5