**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Sandra Zelner , | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 17 C 8007** |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| ATG Credit, LLC, | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, the Court grants Defendant a total award of $2,170.25 in costs as the prevailing party.

## STATEMENT

After this Court granted Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment, Defendant, as the prevailing party, filed its bill of costs. Defendant seeks $128.00 for service of a subpoena on Steven Zelner and $2,534.75 for two deposition transcripts (Plaintiff's and Andrew Twyman's) and two court transcripts. The total amount requested by Defendant is $2,662.75 ($128.00 + $2,534.75).

Plaintiff first objects to the Defendant's request for deposition costs associated with Plaintiff's deposition because Defendant did not identify the total number of pages in the transcript or the price per page. Plaintiff also objects to the "Professional Attendance" fee of $125.00 because it does not detail the duration of the attendance. Finally, Plaintiff contends that the deposition invoice contains an "extraneous" charge of $28.00 for "delivery and handling." In its reply, Defendant attaches a copy of the invoice laying out the number of (180) and price per page ($3.40), which is less than the per-page rate of $3.65 allowed by the Judicial Conference for an ordinary transcript. *See* https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited Mar. 21, 2019).

Defendant, however, also requests an additional $2.10 per page for its request that the transcript be expedited. "Parties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis." *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 7013478, at \*4 (N.D. Ill. Nov. 30, 2016) (citation omitted). According to Defendant, an expedited transcript was required "because fact discovery was ordered to close only 18 days after Plaintiff's deposition, and [Defendant] required fact discovery motion practice with reference to Plaintiff's testimony." (Def.'s Reply, Dkt. # 86, at 2 n.1.) Given the time frame, the Court finds the cost of the expedited transcript to be warranted. *See Clearlamp*, 2016 WL 7013478, at \*4 (finding that "it was reasonable and necessary for [the defendant] to receive these transcripts on an expedited basis, as they were incorporated into or relied on in preparation of submissions due within one month of the

respective proceeding"). Assuming an expedited 3-day transcript, the Judicial Council rate is $5.45 per page. For 180 pages, the allowable cost for a 3-day expedited transcript is $981.00, which is $9.00 less than the Defendant's requested total transcript cost of $990.00. Therefore, the Court reduces the requested transcript fees for Plaintiff's deposition by $9.00.

In the Northern District of Illinois, court-reporter attendance fees are capped at $110.00 for less than 4 hours; thus, Defendant's request for $125.00 for 2.5 hours must be reduced by $15.00. As to the delivery charge, "[t]he Seventh Circuit has held that the district court has discretion to award costs "'incidental' to the taking of the depositions, . . . such as per diem and delivery charges by the court reporter." *Hall v. Funk*, No. 14 C 6308, 2019 WL 1239707, at *10 (N.D. Ill. Mar. 18, 2019) (citation omitted). The Court finds that the electronic delivery and handling charge of $28.00 imposed by the court-reporting agency to be reasonable. Therefore, with respect to the costs associated with Plaintiff's deposition, the Court reduces the amount requested for the costs of Plaintiff's deposition transcript by $24.00 ($9.00 + $15.00) and awards Defendant $1,161.50.

Plaintiff next argues that Defendant has not detailed the number of pages nor the price per page for the deposition of Andrew Twyman (Defendant's Federal Rule of Civil Procedure 30(b)(6) witness), who was noticed by Plaintiff. Defendant's reply attaches the invoice for Twyman's deposition, which sets forth that the transcript was 233 pages at $3.65 per page for a total cost of $850.45. The invoice also charges $298.50 for an exhibit that was 199 pages and apparently reproduced at a cost of $1.50 per page. "[E]xhibit reproduction, . . . [is] recoverable if the prevailing party establishes that 'the exhibits were essential to understanding an issue in the case.'" *Williams v. Schwarz*, No. 15 C 1691, 2018 WL 4705558, at *2 (N.D. Ill. Oct. 1, 2018) (citation omitted). "[C]ourts have declined to award charges for exhibit costs where the prevailing party failed to show the exhibits 'were anything other than extra copies of documents already within their possession.'" *Id.* (citations omitted). Defendant does not indicate that the exhibit was not already in its possession or essential to its understanding of an issue in the case. Therefore, this cost will not be allowed. Finally, the invoice reflects a $150.00 charge for "secure digital file processing and support" and $20.00 for "repository storage/access/unlimited downloads." While Plaintiff does not expressly challenge these fees, it is up to the Court to ensure that the costs requested are reasonable. Defendant does not discuss the aforementioned charges nor indicate why these services were necessary in the instant case. Accordingly, they will not be allowed. The Court therefore reduces the amount requested for Twyman's deposition by $468.50 ($298.50 + $150.00 + $20.00). The total amount recoverable for his deposition will be $850.45.

As to the $128.00 subpoena fee for Steven Zelner, Plaintiff's son, Defendant apparently served the subpoena for his deposition after Plaintiff amended her discovery responses to state that Mr. Zelner had discoverable information. Defendant attaches the invoice for the service of the subpoena to its bill of costs. Although the deposition did not go forward after Plaintiff indicated that her son did not in fact have information relevant to the case, Defendant incurred the cost based on Plaintiff's representation that he did. Therefore, the Court finds the cost recoverable.

For the reasons stated above, the Court reduces the amount sought by Defendant by $492.50 ($24.00 + 468.50) for a total award of $2,170.25 ($2,662.75 - 492.50).

**Date**: March 26, 2019

**Ronald A. Guzmán**
**United States District Judge**

3